Dear Mr. Baird:
This is in response to your request for an opinion as to the appropriate time for holding another election under the capital improvements sales tax, Section 67.700, RSMo Supp. 1983, where the qualified voters of your county defeated an earlier attempt to impose such tax at the general election held November 8, 1983.
A proposal for a capital improvements sales tax can be submitted to the voters of a county pursuant to Sections 67.700 to67.727, RSMo Supp. 1983, at any county or state general, primary or special election. If the majority of the votes cast by the qualified voters voting thereon are opposed to the proposal, subparagraph 2 of Section 67.700 provides that no new proposal can be submitted to the voters sooner than twelve months from the date of submission of the last proposal.
In your request, you state that a proposal under the capital improvements sales tax act was submitted to the voters of your county and rejected on November 8, 1983. The county court is now considering a new capital improvements sales tax proposal but concern has been raised as to whether such proposal can be submitted to the voters at the next general election, November 6, 1984.
Attached are two prior opinions from this office, Opinion No. 106, Clapper, January 25, 1971, and Opinion Letter Nos. 37-84 and 39-84, Woods, issued February 16, 1984, which we believe answer your question. The computation of time where the legislature had prescribed limitations in terms of months was the central theme of both opinions. Applying the rules set forth therein, November 8, 1983, would be excluded as the first day from which the ensuing twelve-month period is calculated. Each of the following calendar months would then begin on the ninth day of the month and end on the eighth day of the following month. Using this method of calculation, twelve months would elapse on November 8, 1984. Therefore, no election on the current capital improvements sales tax proposal of the county court could be held legally prior to November 8, 1984, only subsequent to that date.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures